**FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

JOHN M. FLOYD & ASSOCIATES,      :      Hon. Joseph H. Rodriguez
INC., a Texas Corporation,       :
                                 :
           Plaintiff(s),         :      Civil Action No. 03-1473 (JHR)
                                 :
     v.                          :
                                 :      **OPINION**
OCEAN CITY HOME BANK, a New      :
Jersey savings bank,             :
                                 :
           Defendant(s).         :
_____

Appearances:

*Attorney for Plaintiff,*
David A. Sokasits, Esq.
132 Jackson Street, 1S
Hoboken, NJ 07030

*Attorney for Defendant,*
John R. Mininno, Esq.
475 White Horse Pike
Collingswood, NJ 08107

**RODRIGUEZ**, Senior District Judge:

This matter comes before the Court on Plaintiff's motion for entry of an order to grant leave to file nunc pro tunc Bill of Costs on behalf of Plaintiff. Plaintiff asserts that a timely attempt to file the Bill of Costs was made, but due to "some aspect of the computer system", the filing was prevented. Defendant opposes the motion, contending that Plaintiff has waived his right to costs pursuant to Local Civil Rule 54.1. For the reasons expressed below, Plaintiff's motion is denied.

**I.**

The parties are well-familiar with the procedural and factual history of this case; litigation has persisted for over five years now. As such, the Court need only discuss the history relevant to the instant motion.

Defendant was granted summary judgment in 2005 on both its claims stemming from a contractual dispute. See John M. Floyd & Assocs., Inc., v. Ocean City Home Bank, 2005 WL 2000236 (D.N.J. Aug. 18, 2005), rev'd in part, 206 Fed. Appx. 129, 2006 WL 3322194 (3d Cir. Nov. 16, 2006). After the case was remanded for trial by the Third Circuit, a jury found in favor of Plaintiff and awarded damages in the amount of $106, 927.78. In post-trial motions, Defendant renewed its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and also moved for a new trial or remittitur in the alternative under Rule 59. See John M. Floyd & Assocs., Inc., v. Ocean City Home Bank, 2008 WL 4534079, *1 (D.N.J. Oct. 2, 2008). Both motions were denied. Id. at *6-*9. By way of cross-motion, Plaintiff moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), seeking costs and pre-judgment interest. Id. at *1. Both costs and pre-judgment interest were granted. Id. at *10-*11. In granting Plaintiff costs, this Court stated in pertinent part, "[t]he Local Rules require that the Bill of Costs shall be filed '[w]ithin 30 days after the entry of a judgment allowing costs.'" Id. at *10 (citing L. Civ. R. 54.1(a)).

That judgment was entered October 2, 2008, which pursuant to Local Civil Rule 54.1(a), gave Plaintiff until November 3, 2008 to serve Defendant and "file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same." See L. Civ. R. 54.1(a). Nothing

was served or filed, however, until November 7, 2008.  (See, e.g., Br. in Supp. of Mot. for Leave to File Nunc Pro Tunc Bill of Costs on Behalf of Pl., filed 11/07/2008.)  On that date, Plaintiff filed its Brief, along with a Notice of Motion Nunc Pro Tunc, Proposed Order, Certification, and Bill of Costs.  The Notice of Motion to Have the Clerk Tax Costs and its adjoined proposed Order was not filed until December 8, 2008.  (See Notice of Mot. to Have the Clerk Tax Costs and Order to Tax Costs, filed 12/08/2008.)

Explaining the untimely nature of the filing, Plaintiff's attorney states that on the last possible "evening of November 3, 2008 ... [he] attempted to file with the Court the plaintiff's Bill of Costs with attachments in support thereof ... via the Electronic Case Filing ("ECF") system..."[1]  (Pl. Br. at 1.)  Plaintiff's attorney then states that the ECF would not accept his "repeated attempts" at filing these documents, for reasons which remain unknown.  (Id. at 2.)  By way of Certification, he further states that after his first failed attempt, he "tried to do so at least twice more," both times again resulting in failure.  (See Certif. of Counsel on Behalf of Pl., filed 11/07/2008, at ¶ 8.)  Because Plaintiff will be prejudiced as a result of the filing error, Plaintiff moves this Court to allow the filing of the Bill of Costs as timely, nunc pro tunc.

---

[1]    The Bill of Costs and attachments at the relevant time consisted of the following documents:

> (a) the Bill of Costs, (b) an attachment to the Bill of Costs which was my Certification in Support and Explanation of the Bill of Costs, (c) an attachment to the Bill of Costs which was a copy of cancelled checks, statements and receipts from my office files relative to costs incurred in the litigation, (d) an attachment to the Bill of Costs which was a copy of travel voucher and expense voucher documents from the plaintiff's own files, and (e) an attachment to the Bill of Costs which was a copy of a statement from appellate counsel relative to costs incurred in the litigation.

(Pl. Br. at 2.)

Defendant objects and contends that Plaintiff's costs should be waived as untimely, relying in part on Local Civil Rule 54.1(a).[2]  Notwithstanding any attempts to file the Bill of Costs and attachments (a) through (e) listed above, see n. 1 of this Opinion, Defendant notes that Plaintiff never attempted to file the "Notice of Motion as required by the Rules".  (Def. Opp'n Br. at 2.)  Defendant further states that Plaintiff failed to avail himself of the alternative filing procedure as provided by Local Civil Rule 5.2,  (id. at 2.), and made no attempt to serve him these documents, or alert him of any filing difficulty.  (Id. at 3.)

## II.

Local Civil Rule 54.1 provides in pertinent part:

> (a) Within 30 days after the entry of judgment allowing costs … the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same.

> (d) The notice of motion shall specify the hour and date when application to the Clerk to tax the costs will be made, which shall not be less than one nor more than three days from the date of notice if personal service is made and, if service is made by mail, not less than four nor more than six days from the date the notice is deposited in the mail.

> (e) *Upon failure of the prevailing party to comply with this Rule, all costs shall be waived.*

L. Civ. R. 54.1(a), (d), and (e) (emphasis added).  In accordance with this Rule, and as noted in Part.I above, Plaintiff had until November 3, 2008 to file its Bill of Costs and Notice of Motion.  The Bill of Costs was not filed until November 7, 2008, however, and

---

[2]       Defendant also advances two arguments dealing with the doctrines of Equitable Tolling and Excusable Neglect.  Defendant proffers no cases to support the application of these doctrines to the present case, nor does Plaintiff rely on these doctrines to advance its own argument.  Accordingly, Equitable Tolling and Excusable Neglect need not be addressed in this Opinion.

the relevant Notice of Motion was not filed until December 8, 2008. While the Court is aware that any Local Rule "may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice", see L. Civ. R. 83.2(b), this case does not warrant such result. Plaintiff's attorney was charged with notice of the 30 day requirement of Rule 54.1 as an officer of the Court. Despite this constructive notice, this Court nonetheless explicitly noted the 30 day requirement in its Opinion granting costs and pre-judgment interest dated October 2, 2008. See Ocean City Home Bank, supra, at *10. Little if any discretion exists under the Rule because it uses the word "shall" instead of "may". Nevertheless, a brief examination of the arguments proffered by Plaintiff and Defendant is appropriate.

## III.

Electronic filing through the District of New Jersey's ECF system became mandatory on January 31, 2005. See ECF User Manual, United States District Court, District of New Jersey, Clerk's Office 3 (Rev. 9/18/2007) available at http://www.njd.uscourts.gov/cm-ecf/UserManual-Rev.pdf. Local Civil Rule 5.2 governs the electronic filing of all court documents. Paragraph 15 of that Rule addresses technical failures:

> The Clerk shall deem the Court's ECF web site to be subject to a technical failure if the site is unable to accept filings continuously or intermittently for more than one hour occurring after 12:00 noon (Eastern Time) that day. If an ECF Filing User experiences a technical failure, the document may be submitted to the Court that day in an alternative manner, provided that it is accompanied by an affidavit of the ECF Filing User's failed attempts to file electronically at least two times at least one hour apart after 12:00 noon. The following methods of filing are acceptable as a result of *only the Court's* technical failure:
>
> (a) In person, by bringing the document to the Clerk's Office as a Paper Filing

in compliance with paragraph 2 of these Procedures.

(b) Via e-mail as a PDF attachment, sent to the e-mail address for Technical Failures listed in the ECF User Manual (ecfhelp@njd.uscourts.gov).

(c) Through facsimile transmission to the Clerk's Office where the presiding judicial officer is stationed. When an ECF Filing User subject to a Technical Failure submits a document by fax, the document shall be filed electronically on the next business day. Please refer to the fax numbers listed in the ECF User Manual.

The initial point of contact for an ECF Filing User experiencing technical difficulty filing a document electronically shall be the Court's ECF Help Desk at the toll free numbers listed in the ECF User Manual. When possible, the Clerk will provide notice of all such technical failures on the Court's website and/or by of a broadcast e-mail message distributed to all ECF Filing Users. *An ECF Filing User who suffers prejudice as a result of a technical failure may seek appropriate relief from the Court.*

L. Civ. Rule. 5.2 ¶ 15 (emphasis added). Plaintiff's attorney correctly relies on this last sentence to move for entry of an order to grant leave to file nunc pro tunc the Bill of Costs on behalf of Plaintiff. His reliance on case law in support of the motion, however, is misplaced.

First, Plaintiff relies on a recent case from the Seventh Circuit. See generally, Farzana K. v. Indiana Dept. of Ed., 473 F.3d 703 (7th Cir. 2007). In that case, the plaintiff timely filed a complaint via ECF on the last possible day, but the computer later rejected it because it improperly contained an old docket number from a previous case involving the same parties. Id. at 704. Reversing the district court which had rejected the complaint as untimely, the Seventh Circuit held that just as a Clerk "must take in whatever is tendered to them", so too must ECF "accept every document tendered for filing; it cannot reject any paper that the clerk must accept." Id. at 707-08. While Plaintiff contends that Farzana K. is persuasive, the facts are inapposite to the instant

case.  Unlike <u>Farzana K.</u>, here, Plaintiff never originally uploaded the Bill of Costs and Notice of Motion in a successful and timely manner.  (Def. Opp'n Br. at 7.)  Thus, this is not a case where a document was tendered to the Clerk which he must then accept; this is a case where a document never reached the Clerk.

Plaintiff next relies on an unpublished decision from the Southern District of New York,  <u>see</u> <u>generally</u>, <u>Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., LTD.</u>, 2004 WL 2360033 (S.D.N.Y. Oct. 19, 2004), but that case is similar to <u>Farzana K</u>.  There, a motion to remand was initially accepted, only to be later rejected by the computer when the plaintiff who "never handled a case involving ECF" incorrectly entered an "unacceptable hearing date" on the motion papers.  <u>Id.</u> at *4.  Using the same reasoning later adopted by the Seventh Circuit, the district court held that the motion was timely because it would have been accepted by the Clerk.  <u>Id.</u> at *5 (citing Fed. R. Civ. P. 5(e)).  Once again, the facts are inapposite to the instant case.  Plaintiff's attorney does not claim to be a novice ECF user, nor did he ever initially successfully file the Bill of Costs and Notice of Motion only to later have the computer reject them.  Again, the document never reached the Clerk.

Aside from untimeliness, Defendant also maintains that Plaintiff's attorney failed to file the appropriate notice of motion to have the Clerk tax the costs pursuant to Local Civil Rule 54.1(a).  (<u>Id.</u> at 11.)  Plaintiff's attorney concedes this point, but nonetheless contends that, in the present situation, he cannot strictly adhere to Rule 54.1(a) without violating Rule 54.1(d).  Specifically, he contends that because the date that the instant nunc pro tunc motion will be decided "is indefinite, it follows that filing of the Bill of Costs and supporting documents and the *notice of motion is also therefore indefinite*."

(Pl. Reply Br. at 7) (emphasis added).  Thus, until this Court decides the instant motion, it is impossible to specify the precise hour and date when application to the Clerk to tax the costs will be made, as required by the Rule.  See L. Civ. R. 54.1(d).  As a result, Plaintiff's attorney suggests that he is left with the Hobson's choice of file and violate the Rule due to lack of specificity, or not file and violate the Rule due to lack of filing. Therefore, the argument concludes, it is impossible to file the Notice of Motion together with the Bill of Costs in light of the present nunc pro tunc motion.

If true, this argument not only allows Plaintiff to completely vitiate the 30-day requirement provided by Rule 54.1(e), but also the joint filing requirement provided by Rule 54.1(a)– "file ... a Bill of Costs ... *together* with a notice of motion when application will be made to the Clerk to tax the same."  See L. Civ. R. 54.1(a) (emphasis added).  This argument must be rejected.  The Rule clearly contemplates a joint submission of the Bill of Costs and the Notice of Motion.  Additionally, if the Notice of Motion date is now indefinite, as Plaintiff's attorney contends, why then append it to Plaintiff's Reply Brief filed December 8, 2008?

Plaintiff's attorney argues that, in any event, Defendant has "waived any argument on this entire point".  (Pl. Reply. Br., at 7.)  In making this claim, he relies wholly on a letter addressed by Defense counsel to John ("Jack") T. O'Brien, Legal Coordinator for the District of New Jersey, which states in relevant part, "[D]efendant is not required to file an opposition to [P]laintiff's bill of costs until Judge Rodriguez has decided the nunc pro tunc motion."  (11/19/2008 Letter from Def. Counsel, filed 12/08/2008.)  But this letter never references the Notice of Motion at issue, even if Plaintiff contends it does so by an extension of logic.  Moreover, it refers to opposing the

*merits* of the Bill of Costs, which could only be opposed after this Court has decided the instant procedural nunc pro tunc motion.  Timeliness and procedural deficiencies like the notice of motion issue are within the ambit of the instant motion.  As a result, Defendant's argument on this point is not waived.  Defendant properly highlights Plaintiff's lack of adherence to this aspect of Local Civil Rule 54.1.

Next, Defendant asserts that Plaintiff's attorney failed to avail himself of the alternative filing procedure provided by Local Civil Rule 5.2 ¶ 15.  (Def. Br. at 9-10.) That Rule permits an ECF Filing User who "experiences a technical failure" to file a document to "the Court *that day* in an alternative manner, provided that it is accompanied by an affidavit" outlining the failed attempts to file electronically at least two times, at least one hour apart after 12:00 noon.  See L. Civ. R. 5.2 ¶ 15 (emphasis added).  On November 3, 2008, Plaintiff's attorney did not follow this available procedure.  To be sure, Plaintiff's attorney did submit a certification of counsel upon filing the instant motion, but that certification does not satisfy the procedure as provided in Paragraph 15.  For example, Plaintiff's attorney states only that he attempted to file on the "evening of November 3, 2008", ending his efforts by "3:30 am local time on November 4, 2008."  (Certif. of Counsel on Behalf of Pl., at ¶ 3, ¶ 9.) Plaintiff's attorney does not certify that his attempts took place "at least one hour apart" as per the Rule.  In any event, the certification accompanied an untimely filing of the Bill of Costs via ECF two business days past due, not on "that day" of technical failure– November 3, 2008.

With respect to filing in an alternative manner, Plaintiff's attorney contends that such alternatives are acceptable "as a result of *only the Court's* technical failure."  (Pl.

-9-

Reply Br. at 9, citing L. Civ. R. 5.2 ¶ 15).  This language is found in the sentence immediately following the one that describes the alternative procedure cited above.  L. Civ. R. 5.2 ¶ 15.  Whereas here, Plaintiff's attorney is unable to determine if *only the Court's* technical failure is responsible for the filing error, (he speculates that it may have been due to his own computer, the Court's ECF computer, or "the documents themselves" (see Certif. of Counsel on Behalf of Pl. at ¶ 11)), he contends that these alternative methods are by consequence not available.

This construction of the Rule is overly narrow and provides a perverse incentive to Plaintiff.  In making this argument, Plaintiff's attorney essentially ignores the preceding sentence which states in its entirety,

> If an ECF Filing User experiences a technical failure, the document may be submitted to the Court that day in an alternative manner, provided that it is accompanied by an affidavit of the ECF Filing User's failed attempts to file electronically at least two times at least one hour apart after 12:00 noon.

L. Civ. R. 5.2 ¶ 15.  This sentence envisions the very scenario which apparently plagued Plaintiff's attorney on November 3, 2008.  Plaintiff's attorney–an ECF Filing User–experienced "a technical failure" on November 3, 2008.  Notably, the phrase "a technical failure" is not modified by any assignment of fault or blame.  Because the phrase does not restrict availability of alternative filing methods according to attribution of fault, be it ascribed to the ECF User or the Court, filing via alternative method is therefore not as limited as Plaintiff's attorney suggests.  As a result, Plaintiff's attorney could have filed in an "alternative manner", provided he jointly submit the appropriate affidavit on the day of technical failure.  Additionally, the second sentence on which Plaintiff's attorney relies highlights alternatives that "are acceptable as a result of *only*

*the Court's* technical failure"; it does not highlight alternatives that are '*only* acceptable as a result of *only the Court's* technical failure.' If it did, then surely Plaintiff's attorney would be correct in that, not knowing whether the filing failure was only the Court's fault, he could not have availed himself of other filing methods.

In sum, a proper reading includes the entire paragraph which permits filing in an alternative manner upon technical failure, so long as that filing is combined with the appropriate affidavit and submitted on the day of difficulty. The section Plaintiff's attorney cites provides an illustrative but not exhaustive list of such alternatives, including hand delivery, fax, or e-mail, which are also acceptable if it is determined that only the Court's technical failure prevented the filing. Plaintiff's construction of the Rule would provide an improper incentive because, upon an unsuccessful filing where blame is not solely attributable to the Court, an attorney could simply sit on his hands by claiming there are no alternative methods available to file the documents with the Clerk.

Although not cited by Plaintiff, the commentary to Local Civil Rule 5.2 lends some support to Plaintiff's theory. It states in relevant part:

> Where a filing is untimely because of a technical failure in the court's electronic filing system, an alternate filing method may be used. *No alternate filing method is permitted because of a technical failure in the equipment available to the filer.*

See L. Civ. R. 5.2, cmt. c (citations omitted) (emphasis added). Before examining the functional implication of this commentary, the passage suggests that the intent of Rule 5.2 was to allow for equity in the case of Court failure.[3] This policy makes sense because

---

[3]    In the case where fault cannot be ascribed to either the Court or the ECF Filing User, the User must still attempt to file. If it is the last possible day for a timely filing, the User must attempt to file in an alternative method, submitting the appropriate affidavit pursuant to the alternative procedure provided in Rule 5.2.

it emphasizes that the burden is on the ECF User to timely file. Yet, incident to the use of technology is the possibility of technical failure. Accordingly, equity dictates some leeway for a practicing attorney who suffers prejudice as a result of a technical failure of an electronic filing system that the Court mandates he use.[4]

Although this policy makes sense, the functional implication of the commentary is troublesome. A plain understanding of the second sentence in the commentary, <u>see supra</u>, undercuts the alternative procedure as provided in the Rule itself. <u>See</u> L. Civ. R. 5.2 ¶ 15. If it is the case that an ECF User who experiences "a technical failure"–irrespective of fault–can submit a document "that day" in an alternative manner so long as it is accompanied by the appropriate affidavit, <u>see</u> L. Civ. R. 5.2, ¶ 15, then it cannot always be the case that "no alternative filing method" is available should fault be ascribed to the equipment of the ECF User. <u>See id.</u> at cmt. c. The commentary cites <u>Dellegrippo v. Met Life</u>, 2007 U.S. Dist. Lexis 5101 (D.N.J. Jan. 24, 2007) to support the proposition, but that unpublished decision never mentions Rule 5.2. <u>See generally</u>, <u>Dellegrippo</u>, <u>supra</u>. <u>Dellegrippo</u> is a two-page Order to Show Cause based in part on a dispute of jurisdiction. <u>Id.</u> at *2. The commentary draws from a portion of the Order where Judge Cooper states that "no enlargements of time will be granted to respond" to the Order. <u>Id.</u> Judge Cooper then provides an escape valve for *extraordinary circumstances*, which pursuant to her Order, do *not* include:

(1) [U]pcoming legal or religious holidays; (2) the parties or counsel being on

---

[4]     As one author put it, "[t]he advent of new technology is changing traditional work and business patterns worldwide, and the law is beginning to adapt to these new technologies." David A. Sokasits, Note, <u>The Long Arm of the Fax: Service of Process Using Fax Machines</u>, 16 Rutgers Computer & Tech. L.J. 531, 531 (1990) (citations omitted). As the law and the courts adapt, so too must the profession adapt.

-12-

vacation ... (3) *difficulty in registering for electronic filing*; (4) *difficulty in complying with the electronic filing rules*; (5) time to conduct discovery; (6) *difficulty with a computer or internet access*; or (7) any purported failure to be timely notified of this inquiry or an adversary's response thereto.

Id. (emphasis added).  While Judge Cooper categorizes computer and ECF issues as outside the realm of acceptable extraordinary circumstances, she does so in the context of ordering parties to quickly respond to an Order to Show Cause, not in the context of any discussion of Rule 5.2.  Moreover, she inclusively refers to any "difficulty" with computer or internet access, not difficulty with computer or internet access exclusive to the ECF User.  This is the only portion of the Order which mentions potential problems related to electronic filing or computers.  See id.

The commentary, therefore, miscasts that case to support an interpretation of the Rule, which in any event, is not entirely consistent with the Rule itself.  It simply cannot be the case that alternative methods of filing are available upon a technical failure–irrespective of fault–on the one hand, but not available upon fault of the equipment of the ECF User on the other.  Thus, if an ECF Filing User experiences a technical failure, irrespective of fault, he may submit the document in an alternative manner, so long as it is accompanied by the appropriate affidavit and submitted on "that day".  L. Civ. R. 5.2 ¶ 15.  Such may be the only option when an attorney attempts to file on the last possible day.  If, by contrast, there is time between the date of the attempted filing and the last possible day for filing, then no alternative methods are available if the technical failure is a result of the equipment of the ECF User.  This holding reconciles the Commentary with the Rule itself; it is not meant to allow for the circumvention of ECF which is mandatory in the District of New Jersey.  Moreover, this holding does not

-13-

prevent future attorneys who suffer prejudice from ECF or other computer-related failure to seek "appropriate relief" from the Court pursuant to Rule 5.2 ¶ 15.

Perhaps recognizing his overly narrow construction of the Rule, Plaintiff's attorney contends that he sought the fax number to the Clerk's office on "November 5, 2008 or November 6, 2008". (Certif. of Counsel on Behalf of Pl. at ¶ 3.) For whatever reason, unidentified "personnel refused" to divulge the fax number. (Id.) While this attempt is laudable, the Court fails to see why Plaintiff's attorney did not consult Rule 5.2 ¶ 15. That Rule states in relevant part– "[p]lease refer to the fax numbers listed in the ECF User Manual." Id. Under the heading "Filing Documents if ECF is Not Accessible (Technical Failures)", there is a list of fax numbers for each Clerk's office in the District of New Jersey. See ECF User Manual, United States District Court, District of New Jersey, Clerk's Office at 89. Fax numbers were available. Plaintiff's attorney could have obtained the proper fax number and then faxed the required documents. Of course, other methods such as e-mail were also available.

Finally, it is worth noting Defense counsel's argument about the lack of service to him of the appropriate papers as required under Rule 54.1(a). (See Def. Br. at 11.) Plaintiff's attorney correctly notes that "ECF is intended to obviate the need for duplicate service of hard copies." (Pl. Reply. Br. at 5.) He also correctly notes that as soon as the Bill of Costs and attachments were filed via ECF on November 7, 2008, they were served upon opposing counsel. (Id.) Yet, this service, like the filing with the Clerk's office, was also untimely. Upon a technical failure caused by computer error, Plaintiff's attorney must not only attempt to file timely in an alternative manner with the Clerk's office, he must similarly attempt to serve opposing counsel in a timely albeit

-14-

alternative manner.  ECF may obviate the need for duplicate service of hard copies, but it does not obviate the need to serve opposing counsel in some alternative manner should technical error arise.

## IV.

In light of the foregoing, Plaintiff's attorney had alternative methods of filing at his disposal on November 3, 2008.  He had constructive and explicit notice of the 30 day requirement which he ultimately failed to meet.  Although appropriate relief is available under Rule 5.2 ¶ 15, the case law cited by Plaintiff does not carry the day.  Moreover, Plaintiff's attorney was also deficient in that he failed to file the relevant Notice of Motion to have the Clerk tax the costs together with his Bill of Costs.  No argument, however novel, allows Plaintiff's attorney to escape this fact.  To reiterate, Rule 54.1 (e) states: "Upon failure of the prevailing party to comply with this Rule, *all costs shall be waived*." L. Civ. R. 54.1(e) (emphasis added).  There is no reason to depart from this mandate.  As a result, Plaintiff's motion for entry of an order to grant leave to file nunc pro tunc the Bill of Costs on behalf of Plaintiff is denied.

/s/   Joseph H. Rodriguez
U.S.D.J.

Dated: January 15, 2009

-15-